# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS P. SCZYGELSKI,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. CUSTOMS AND BORDER PATROL AGENCY,<br><br>    Defendant. | Civil Action No. 13-1672 (JEB) |

## MEMORANDUM OPINION

Plaintiff Douglas Sczygelski was terminated from his internship with the U.S. Customs and Border Patrol Agency in July 2008 after CBP discovered that he had sent unsolicited letters to college students expressing his negative views about blacks. He reacted by filing suit in the District of North Dakota, alleging, among other things, that his removal violated his First Amendment rights. The district court dismissed the case, and the Eighth Circuit affirmed the decision on appeal. Plaintiff next sued the Office of Special Counsel for refusing to prosecute his complaint regarding his termination. A court in this district similarly dismissed that action.

Plaintiff finally brought this suit, his third in federal court, claiming that CBP, after conducting a background check and learning of his prior termination, has refused to rehire him. He states in his Complaint that he was not rehired because, "at various times in my life, I have said publicly that the United States should not militarily intervene to create democracy in black countries, as was attempted in Somalia in 1993, because such interventions would surely accomplish nothing useful, due to the fact that blacks on average are less intelligent than whites, due to their genes." Compl. at 1. CBP now moves to dismiss. Although Sczygelski relies on a

1

new legal theory – namely, the Equal Protection Clause – this does not give him the ability to relitigate the legality of his termination. Because this new suit is nothing more than another challenge to his prior removal, the doctrine of *res judicata* requires that Defendant's Motion be granted.

I.      **Background**

"The United States Customs and Border Protection agency (CBP) hired Douglas P. Sczygelski as an Agricultural Specialist [in North Dakota] in 2006, through a paid internship program, and his job duties included interacting with the public at a border crossing." Sczygelski v. CBP (Sczygelski II), 419 F. App'x 680, 680 (8th Cir. 2011). After disseminating "hundreds of unsolicited letters to college students expressing negative opinions about African Americans," Sczygelski was terminated in April 2008. See Am. Compl., Sczygelski v. CBP (Sczygelski I), No. 08-75 (D.N.D. March 3, 2009) at 5. He appealed this termination to the Merit Systems Protection Board, but the MSPB ruled in July 2008 that it lacked jurisdiction because Sczygelski, as an intern, was not an employee under the Civil Service Reform Act. Sczygelski I, 2009 WL 2982871, at *1 (D.N.D. Sept. 14, 2009). Meanwhile, after his termination from his position in North Dakota, Sczygelski applied for the same job, "CBP Agriculture Specialist," in New York, and in June 2008 he was "tentatively hired" subject to a background check. See Compl. at 1. Before he actually began working, however, he received a letter from CBP in 2010 withdrawing its offer of employment. See id.

Plaintiff filed his first suit against CBP on July 21, 2008, in the District of North Dakota, arguing that: his actions did not violate CBP standards because his conduct was not "invidious or derogatory"; his termination violated his First Amendment right to free speech; "the firing was illegal because it was motivated by racial bias against the plaintiff"; and his firing was grossly

2

disproportionate to the offense. See Compl., Sczygelski I, No. 08-75 at 5. Sczygelski then amended his complaint on March 3, 2009, dropping the racial-discrimination charge. See id., Am. Compl. The court initially dismissed all of the claims for lack of jurisdiction (because Sczygelski was not a federal employee under CSRA), except for the First Amendment claim. See id., 2009 WL 2982871, at *2. Magistrate Judge Karen Klein then recommended summary judgment in favor of CBP on the lone surviving claim on August 8, 2010, after applying the Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois, 391 U.S. 563 (1968), balancing test for freedom of speech of public employees. See Opp., App. 1 (Report and Recommendation) at 5. She concluded that "[w]hile plaintiff's speech involved a matter of public concern, the defendant has carried its burden in showing that its interest in the efficient operation of the government agency outweighs the plaintiff's free speech in this matter." Id. at 9. After the recommendation, Plaintiff attempted to amend his complaint to include an equal-protection claim, but the district refused to grant leave and adopted the Report and Recommendation in its entirety. See Order, Sczygelski I, No. 08-75 at 5 . The Eighth Circuit affirmed the decision on March 17, 2011. See Sczygelski II, 419 Fed. App'x. at 681.

Plaintiff filed his next suit relating to his termination against the Office of Special Counsel on December 14, 2011, this time in this district. See Sczygelski v. OSC (Sczygelski III), 926 F. Supp. 2d 238 (D.D.C. 2013). His third amended complaint there enumerated twenty-one claims against OSC, including some nearly identical ones to those he asserts here – *e.g.*, CBP Code of Conduct 6.11.2 was void for vagueness. See id., Am. Compl. at 9-18. Judge Rosemary Collyer decided on March 1, 2013, that all of Sczygelski's claims were barred by *res judicata* because they could have been raised in Sczygelski I, the North Dakota case. The fact that he now asserted new legal theories, claimed as a new factual development that OSC had

3

continued to refuse to open his case, and named a new government entity did not change the verdict that Plaintiff was claim precluded.  See Sczygelski III, 926 F. Supp. 2d at 244.

Undeterred, Sczygelski filed this new Complaint against CBP on October 28, 2013, asserting six reasons why its failure to rehire him is unconstitutional.  First, he alleges that due process was violated because Rule 6.11.2 of the CPB standards of conduct, the one cited for his termination, is "void for vagueness."  See Compl. at 1.  His next five allegations all claim that he was denied equal protection of the laws because: (1) CBP allegedly would not fire a black person "for advocating discrimination against whites" and therefore cannot refuse to hire him; (2) as a federal civil servant cannot be fired for expressing the political opinion he expressed, "there is no rational reason for CBP's refusal to hire [him] for expressing that opinion"; (3) CBP cannot refuse to hire him even if "views might upset some people" because then they "must also refuse to hire other people who have views that might upset some people, such as opposition to legalizing gay marriage"; (4) since a federal civil servant cannot be fired for taking part in the political process, CBP cannot refuse to hire him for that reason; and (5) federal employees cannot be discriminated against based on their "political affiliation," and there is "no rational reason for [the] distinction" between discrimination based on the views he expressed and discrimination based on political affiliation.  See id. at 2-3.

CBP filed the instant Motion to Dismiss on March 12, 2014.  See ECF No. 6.  The Motion argued that Plaintiff's claim was barred by both *res judicata* and issue preclusion, but did not set forth an argument as to why issue preclusion applies in this case.  Plaintiff filed a response to Defendant's Motion on March 20, see ECF No. 7, and Defendant filed a Reply on March 31, see ECF No. 8, this time setting forth arguments on issue preclusion as well.  See Reply at 5-6.  Plaintiff filed a Motion to Strike the portions of Defendant's Reply arguing issue

preclusion, but the Motion was denied without prejudice for failure to comply with Local Rule 7(m). See Minute Order, April 24, 2014.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented must be presumed to be true and should be construed liberally in the plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). Although notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Res judicata* may be brought as "an affirmative defense that is generally pleaded in a defendant's answer, but is also properly brought in a pre-answer Rule 12(b)(6) motion when all relevant facts are shown by the court's own records, of which the court takes notice." Hemphill v. Kimberly-Clark Corp., 605 F. Supp. 2d 183, 186 (D.D.C. 2009) (internal quotation marks and citations omitted); see also Stanton v. D.C. Court of Appeals, 127 F.3d 72, 76-77

5

(D.C. Cir. 1997) (collecting cases allowing parties to assert *res judicata* on (12)(b)(6) motion). In addition, "[a] court may take judicial notice of public records from other proceedings." Hemphill, 605 F. Supp 2d at 186 (citing Covad Comms. Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005); Does I through III v. District of Columbia, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002)).

**III.   Analysis**

In seeking dismissal here, CBP relies on the defenses of both claim preclusion and issue preclusion. As the Court may dispose of the matter under the former, it need not discuss the latter.

"Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006). The doctrine of *res judicata* "precludes the parties . . . from relitigating issues that were or could have been raised in that action." Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

There is little dispute here that the last three prerequisites apply. More specifically, the North Dakota litigation was also between Sczygelski and CBP. There was a final, valid judgment on the merits in that case. See Sczygelski III, 926 F. Supp. 2d at 244 ("Mr. Sczygelski's discharge was adjudicated finally on the merits by the district court and affirmed by the Eighth Circuit."). And no one questions that the federal courts involved in Sczygelski I were courts of competent jurisdiction. The principal issue here, therefore, relates to the first requirement – namely whether this case and Sczygelski I involve the "same claim or cause of

action." Sczygelski argues that he is not challenging his termination, but rather CBP's refusal to rehire him, while Defendant counters that this is a distinction without a difference since the basis of the decision not to rehire was the prior termination.[1]

A "judgment bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1234 (2d Cir. 1977)) (emphasis added). In order to determine whether factual events are part of the same transaction, a court must "determine[] pragmatically. . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Stanton, 127 F.3d at 78 (D.C. Cir. 1997) (citing Restatement (Second) of Judgments § 24(2) comment c (1982)) (internal quotation omitted).

Although framed somewhat differently, this action plainly concerns the same "nucleus of facts" that the District of North Dakota was faced with in Sczyelski I. In other words, Plaintiff is asserting that because his termination was improper, CBP must rehire him. His complaint makes this plain: "It is clear that the reason why CBP chose to not hire me is because at various times in my life, I have said publicly that the United States should not militarily intervene to create democracy in black countries, as was attempted in Somalia in 1993, because such interventions would surely accomplish nothing useful, due to the fact that blacks on average are less intelligent than whites, due to their genes." Compl. at 1. This, of course, is precisely why he was fired. The district court in Sczygelski I considered the "hundreds of unsolicited letters to students in

---

[1] Defendant also cites to Sczygelski III (the OSC suit) in its Motion as having *res judicata* effects on this claim. Given that the Court will dismiss the case based on Sczygelski I, it need not reach this question.

several universities, in which he claimed that on average black people are 'less intelligent than whites, and the reason is genetic,'" when deciding the legality of his termination. See Report and Recommendation at 2, 5.

Sczygelski makes it even more obvious that he is attempting to relitgate his firing when he lists his allegations here. See Compl. at 2 ("[A]s long as CBP has no policy of firing blacks for advocating discrimination against whites, it may not refuse to hire me."); see also id. at 2 ("Five U.S.C. § 7323(c) and 5 C.F.R. § 4.1 make it clear that a federal civil servant cannot be fired for expressing the exact same political opinion that I expressed[;] therefore there is no rational reason for CBP's refusal to hire me for expressing that political opinion."); id. at 2-3 ("Five U.S.C. § 7321 says a civil servant cannot be fired for taking part in political process. . . . If a civil servant is allowed to do that, there is no rational reason why a job applicant for a civil service position can be rejected for expressing the views that I have expressed.") (internal quotations omitted).

Any determination on the merits, therefore, would simply be another trial of what the North Dakota court already decided. Labels aside, what Sczygelski argues is that his firing was illegal, thus rendering the decision not to rehire him similarly suspect. See Harrison v. Norton, 429 F. Supp. 2d 83, 91 (D.D.C. 2006) (plaintiff was claim precluded when "the reasons that [] she [alleges she] was denied eligibility in the present action are exactly the same reasons that she was denied eligibility in her prior 1998 action brought in the Tenth Circuit").

Sczygelski was already given an opportunity (or two) to litigate the propriety of his termination, and CBP's subsequent refusal to rehire him should not give him a second or third bite at the apple. Indeed, in Sczygelski III, where Plaintiff also tried to relitigate his firing, the court refused to treat OSC's subsequent refusal to reopen his case as a new transaction. See

Sczygelski III, 926 F. Supp. 2d. at 244; see also Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989) (continued application of previously challenged policies does not create new claim for purposes of *res judicata*). This Court similarly cannot allow Plaintiff to force CBP, the original defendant in Sczygelski I, to endure another action litigating the same events and the same legal question, simply because the agency refuses to change its mind and give Sczygelski his job back.

Plaintiff responds that the D.C. Circuit's decision in Stanton, 127 F.3d 72, undermines the application of *res judicata* here. In Stanton the court found that a lawyer was not claim precluded from challenging the reinstatement procedures he was subjected to, even though he had already litigated his suspension. The court held that "[f]ederal law is clear that post-judgment events give rise to new claims, so that claim preclusion is no bar" where a new suit rests on new facts. See id. at 78-79. The lawyer, accordingly, was not barred from making procedural challenges to the reinstatement process as "long as they concern post-judgment events." Id. at 79. Yet such a ruling offers Sczygelski no support. In fact, the court in Stanton precluded the lawyer from relitigating the events and rules that had led to his original suspension, just as Sczygelski is barred from relitigating his termination. Id. at 75, 78-79. If Sczygelski were claiming something different here – *e.g.*, the actual hiring procedure was flawed or agencies should reinstate fired employees after a certain time has elapsed – the outcome might be different. In other words, were he not to challenge the legality of the termination and truly focus on the unique legal questions surrounding his rehiring, the Court might be able to address those issues.

Plaintiff next cites Page, 729 F.2d 818, as authority for the proposition that "prior adjudication does not bar [a] similar action based on subsequent acts if both suits involve

9

'essentially the same course of wrongful conduct.'" Id. at 820 n.12 (quoting Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 327-28 (1955)). In Page the plaintiff was subjected to toxic exposure from chemicals for an extended period of time. The D.C. Circuit held that the prior dismissal of a 1972 suit was *res judicata* as to exposure from 1961-72, but that the plaintiff was not claim precluded from suing again on the basis of the post-1972 exposure. See id. at 819-20. Page may be distinguished because, unlike this case, all of the complained-of facts alleged in the subsequent suit – *i.e.*, the additional chemical exposure – happened after the first case had been brought. Here, however, the conduct at issue in this new dispute – *i.e.*, the basis of Plaintiff's termination and CBP's refusal to rehire – happened before Sczygelski I was filed. See Harrison, 429 F. Supp. 2d at 90 (D.D.C. 2006) ("Plaintiff's 'new' application is insufficient to overcome *res judicata* where Plaintiff is still challenging the same factual circumstances - i.e., the denial of her CDIB [(Certificate Degree of Indian Blood)] status."). If claim preclusion did not govern in this case, a plaintiff could apply for a job an infinite number of times and sue after each failure, even if the refusal to hire were based on the same original set of facts.

Finally, Plaintiff's reliance on new legal theories – *e.g.*, equal protection – does not alter the outcome. Such claims could have been brought in his North Dakota action. See Apotex, Inc. v. Food & Drug Admin., 393 F.3d 210, 218 (D.C. Cir. 2004) (The plaintiff "is simply raising a new legal theory. This is precisely what is barred by *res judicata.*"); see also Youngin's Auto Body v. D.C., 775 F. Supp. 2d 1, 7 (D.D.C. 2011) ("[F]or the purposes of claim preclusion, the legal theory upon which the plaintiff relies is irrelevant; rather, the relevant inquiry is whether the plaintiff's claims arise out of the same common nucleus of facts.") (internal quotation marks omitted); see also Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP, 574 F. Supp. 2d 143, 150 (D.D.C. 2008) aff'd sub nom. Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman,

LLC, 569 F.3d 485 (D.C. Cir. 2009) ("Mere failure to discover viable arguments in support of a claim during previous litigation does not preclude the application of res judicata."); SBC Commc'ns Inc. v. FCC, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (claim preclusion, unlike issue preclusion, is intended "to prevent litigation of matters that should have been raised in an earlier suit") (internal quotation marks and citations omitted). Plaintiff's new legal theories, consequently, do not require the Court to revisit his termination.

## IV. Conclusion

For the aforementioned reasons, the Court will grant Defendant's Motion to Dismiss and dismiss this case with prejudice. A separate Order consistent with this Opinion will be issued this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: June 16, 2014